B 1 (Official Form ) 1 (1/08) — Page 1

| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|
| **Name of Debtor** (if individual, enter Last, First, Middle):<br>**Frontier Airlines Holdings, Inc.** | **Name of Joint Debtor** (Spouse) (Last, First, Middle): |
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names):<br>**N/A** | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **20-4191157** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, and State):<br>**7001 Tower Road**<br>**Denver, Colorado**    ZIP CODE **80249** | Street Address of Joint Debtor (No. & Street, City, and State):    ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>**Denver County** | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):    ZIP CODE | Mailing Address of Joint Debtor (if different from street address):    ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):    ZIP CODE | |

**Type of Debtor** (Form of Organization) (Check one box.)
- ☐ Individual (includes Joint Debtors)  *See Exhibit D on page 2 of this form.*
- ☒ Corporation (includes LLC and LLP)
- ☐ Partnership
- ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business** (Check one box.)
- ☐ Health Care Business
- ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank
- ☒ Other  **Airline**

**Tax-Exempt Entity** (Check box, if applicable.)
- ☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)
- ☐ Chapter 7
- ☐ Chapter 9
- ☒ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)
- ☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."
- ☒ Debts are primarily business debts.

**Filing Fee** (Check one box.)
- ☒ Full Filing Fee attached
- ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- ☐ Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**
Check one box:
- ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- ☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

Check all applicable boxes:
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**    THIS SPACE IS FOR COURT USE ONLY
- ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors
| ☒ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☐ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |

Estimated Assets
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☒ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

Estimated Liabilities
| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☒ $50,000,001 to $100 million | ☐ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |

| **Voluntary Petition** *(This page must be completed and filed in every case)* | Name of Debtor(s): **Frontier Airlines Holdings, Inc.** | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| Location Where Filed: **N/A** | Case Number: **N/A** | Date Filed: **N/A** |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: **See Attachment 1** | Case Number: **Not yet assigned** | Date Filed: |
| District: **Southern District of New York** | Relationship: **Affiliates** | Judge: **Not yet assigned** |

### Exhibit A
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☒ Exhibit A is attached and made a part of this petition.

### Exhibit B
(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____
Signature of Attorney for Debtor(s)          Date

### Exhibit C
Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

☒ No

### Exhibit D
(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☐ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B 1 (Official Form ) 1 (1/08)     Page 3

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s): **Frontier Airlines Holdings, Inc** |
|---|---|
| **Signatures** ||

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br>X _____<br>   Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by an attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>Signature of Foreign Representative<br><br>_____<br>Printed Name of Foreign Representative<br><br>_____<br>Date |
| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
| X  **/s/ Marshall S. Huebner**<br>Signature of Attorney for Debtor(s)<br>**Marshall S. Huebner**<br>Printed Name of Attorney for Debtor(s)<br>**Davis Polk & Wardwell**<br>Firm Name<br>**450 Lexington Avenue, New York, NY 10017**<br>Address<br>**212-450-4000**<br>Telephone Number<br>**April 10, 2008**<br>Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)<br><br>_____<br>Address |
| **Signature of Debtor (Corporation/Partnership)** | |
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X  /s/ **Edward M. Christie, III**<br>Signature of Authorized Individual<br>**Edward M. Christie, III**<br>Printed Name of Authorized Individual<br>**Senior Vice President, Finance**<br>Title of Authorized Individual<br>**April 10, 2008**<br>Date | X _____<br><br>_____<br>Date<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both  11 U.S.C. § 110; 18 U.S.C. § 156.* |

**Exhibit "A" to Voluntary Petition**

1. If any of the Debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934.   The SEC file number is: **000-51890**.

2. The following financial data is the latest available information and refers to the debtor's condition on December 31, 2007.

   a. Total assets                                                                $98,331,466

   b. Total debts (including debts listed in 2.c., below)                          $92,260,969

   c. Debt securities held by more than 500 holders.                                                Approximate number of holders

   secured ☐    unsecured ☐    subordinated ☐    $ Unknown    _____

   secured ☐    unsecured ☐    subordinated ☐    $_____    _____

   secured ☐    unsecured ☐    subordinated ☐    $_____    _____

   secured ☐    unsecured ☐    subordinated ☐    $_____    _____

   secured ☐    unsecured ☐    subordinated ☐    $_____    _____

   secured ☐    unsecured ☐    subordinated ☐    $_____    _____

   d. Number of shares of preferred stock          None issued; 1,000,000 shares authorized.

   e. Number of shares common stock               36,641,744 (as of December 31, 2007)

   Comments, if any:

3. Brief description of debtor's business:     A low cost, affordable fare airline operating primarily in a hub and spoke fashion connecting cities coast to coast through their hub at Denver International Airport.

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor (all information on this table comes from the Proxy Statement filed by the Company on July 27, 2007):

| SHAREOWNER | SHARES BENEFICIALLY OWNED | % OF OWNERSHIP |
|---|---|---|
| FMR Corp. | 3,684,813 (1) | 10.071% |
| Donald Smith & Co., Inc. | 3,658,672 (2) | 9.99% |
| Dimensional Fund Advisors LP | 3,137,661 (3) | 8.58% |
| Technology Pioneer Corp. | 2,729,627 (4) | 7.50% |
| T. Rowe Price Associates, Inc. | 2,671,200 (5) | 7.20% |
| Lord, Abbett & Co. LLC | 2,529,804 (6) | 6.91% |
| Yong Ping Duan/Enlight Foundation | 2,474,859 (7) | 7.50% |
| Barclays Global Investors, NA | 2,005,419 (8) | 5.47% |
| CNH Partners, LLC | 1,961,693 (9) | 5.09% |

---

1  Reflects beneficial ownership as of December 31, 2006. Information with respect FMR Corp., Edward C. Johnson 3d, Fidelity Management & Research Company and Fid Balanced Equity Sub is based solely on a Schedule 13G filed with the Securities and Exchange Commission on February 14, 2007.

2  Reflects beneficial ownership as of December 31, 2006. Information with respect to Donald Smith & Co., Inc. is based solely on a Schedule 13G filed with the Securities and Exchange Commission on February 13, 2007.

3  Reflects beneficial ownership as of December 31, 2006. Information with respect to Dimensional Fund Advisors LP, f/k/a Dimensional Fund Advisors Inc. (DFA), is based solely on a Schedule 13G filed with the Securities and Exchange Commission on February 2, 2007. The Schedule 13G notes that these shares are owned by various individual and institutional investors that DFA serves as investment adviser with power to direct investments and/or sole power to vote the shares. For purposes of reporting requirements under the Exchange Act, DFA may be deemed to be a beneficial owner of these shares; DFA, however, expressly disclaims that it is the beneficial owner of these shares.

4  Reflects beneficial ownership as of February 27, 2007. Information with respect to Technology Pioneer Corp. and Lei Ding is based solely on a Schedule 13G filed with the Securities and Exchange Commission on March 22, 2007.

5  Reflects beneficial ownership as of December 31, 2006. Information with respect to T. Rowe Price Associates Inc. is based solely on a Schedule 13G filed with the Securities and Exchange Commission on February 12, 2007.

6  Reflects beneficial ownership as of December 31, 2006. Information with respect to Lord, Abbett & Co. LLC is based solely on a Schedule 13G filed with the Securities and Exchange Commission on February 14, 2007.

7  Reflects beneficial ownership as of June 13, 2007. Information with respect to Yong Ping Duan and Enlight Foundation is based solely on a Schedule 13G filed with the Securities and Exchange Commission on June 18, 2007.

8  Reflects beneficial ownership as of December 31, 2006. Information with respect to Barclays Global Investors, NA, Barclays Global Fund Advisors and Barclays Global Investors, Ltd. is based solely on a Schedule 13G filed with the Securities and Exchange Commission on January 23, 2007. The address of Barclays Global Investors, Ltd. is Murray House, 1 Royal Mint Court, London, EC3N 4HH.

9  Reflects beneficial ownership as of December 31, 2006. CNH Partners, LLC and CNH CA Master Account, L.P. beneficially own 1,961,693 debt securities that are convertible into 1,961,693 shares of our common stock. Information with respect to CNH Partners, LLC and CNH CA Master Account, L.P. is based solely on a Schedule 13G filed with the Securities and Exchange Commission on February 7, 2007.

# ATTACHMENT 1

## PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of New York.   A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Case Number | Judge |
|---|---|---|
| Frontier Airlines, Inc. | **Not yet assigned** | **Not yet assigned** |
| Lynx Aviation, Inc. | **Not yet assigned** | **Not yet assigned** |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                             :
**In re:**                                   :
                                             :  **Chapter 11 Case No.**
                                             :
**FRONTIER AIRLINES**                        :  **08-_____ (___)**
**HOLDINGS, INC.,**                          :
                                             :
**Debtor.**                                  :
                                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

The following is a list of creditors holding the 30 largest general unsecured claims against the Debtors.  This list has been prepared from the books and records of the Debtors.

This list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case.  The list does not include (a) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), (b) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the largest general unsecured claims or (c) amounts owed to other subsidiaries of the Company.

This list reflects the information existing and available as of April 10, 2008.  The Company reserves the right to amend this list based on information existing as of the filing date.

The information presented herein, including the failure of the Company to list any claim as contingent, unliquidated or unknown, does not constitute an admission or waiver of the Company's right to contest the validity, priority or amount of any claim.

| Creditor | Amount | Disputed Unliquidated Contingent |
|---|---|---|
| 1. Wells Fargo | $93,491,208.79 | |
| 2. Treasurer City & County of Denver | $2,408,887.38 | |
| 3. Total Petrochemicals Inc. | $2,366,875.29 | |
| 4. Airport Revenue Fund | $1,817,919.59 | |
| 5. World Fuel Services Inc. – Wire | $1,557,138.66 | |
| 6. Servisair USA Inc. | $998,063.47 | |
| 7. BE Aerospace Inc. | $758,646.67 | |
| 8. Sabre Inc. | $697,557.83 | |
| 9. Morgan Stanley Capital Group Inc | $662,655.00 | |
| 10 Gallileo International | $613,522.98 | |
| 11 Airbus Services | $337,636.48 | |
| 12 Pinnacol Assurance | $312,669.30 | |
| 13 LIEBHERR | $249,817.00 | |
| 14 TRAX USA Corporation | $244,756.15 | |
| 15 Contego Systems LLC | $232,708.12 | |
| 16 BF Goodrich | $220,228.99 | |
| 17 Thales Avionics Inc. | $183,436.40 | |
| 18 City of Houston | $177,489.59 | |
| 19 Metropolitan Trustee | $164,954.95 | |
| 20 Vedder Price PC | $151,500.00 | |
| 21 Civil Aviation Training Solutions | $149,102.10 | |
| 22 ASIG | $139,599.42 | |

| | Creditor | Amount | Disputed Unliquidated Contingent |
|---|---|---|---|
| 23 | SAN San Diego-Lindbergh International Airport | $123,400.72 | |
| 24 | G and K Services Lug LLC | $122,189.61 | |
| 25 | LaGuardia Airport | $117,372.83 | |
| 26 | Tug Technologies Corp | $115,153.43 | |
| 27 | KPMG LLP | $115,000.00 | |
| 28 | Michael Lewis Co | $111,105.71 | |
| 29 | Deloitte Consulting LLP | $108,748.43 | |
| 30 | Vancouver International Airport Authority | $106,768.56 | |

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: New York, New York
April 10, 2008

/s/ Edward M. Christie, III
Edward M. Christie III
Senior Vice President, Finance

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**In re:** :
: **Chapter 11 Case No.**
:
**FRONTIER AIRLINES** : **08-_____ (___)**
**HOLDINGS, INC.,** :
:
**Debtor.** :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## CORPORATE OWNERSHIP STATEMENT

In accordance with Rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1007-3, Frontier Airlines Holdings, Inc. (the "**Company**") hereby states that the following corporations directly or indirectly own 10% or more of the Company's equity interests as of July 27, 2007:

- FMR Corp.

. The Company does not own (directly or indirectly) 10% or more of any class of a corporation's publicly traded equity interests. The Company does not own an interest in any general or limited partnership or joint venture.

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:  New York, New York
        April 10, 2008

/s/ Edward M. Christie, III
Edward M. Christie III
Senior Vice President, Finance

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**In re:** :
: **Chapter 11 Case No.**
:
**FRONTIER AIRLINES** : **08-_____ (___)**
**HOLDINGS, INC., et al.,** :
:
**Debtor.** :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## LIST OF EQUITY SECURITY HOLDERS

Frontier Airlines Holdings, Inc. ("the "**Company**") hereby files its List of Equity Security Holders pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.   This list represents the Company's equity security holders as of July 27, 2007.

| SHAREOWNER | SHARES BENEFICIALLY OWNED | % OF OWNERSHIP |
|---|---|---|
| FMR Corp. | 3,684,813 | 10.071% |
| Donald Smith & Co., Inc. | 3,658,672 | 9.99% |
| Dimensional Fund Advisors LP | 3,137,661 | 8.58% |
| Technology Pioneer Corp. | 2,729,627 | 7.50% |
| T. Rowe Price Associates, Inc. | 2,671,200 | 7.20% |
| Lord, Abbett & Co. LLC | 2,529,804 | 6.91% |
| Yong Ping Duan/Enlight Foundation | 2,474,859 | 7.50% |
| Barclays Global Investors, NA | 2,005,419 | 5.47% |
| CNH Partners, LLC | 1,961,693 | 5.09% |

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is

true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: New York, New York
April 10, 2008

/s/ Edward M. Christie, III
Edward M. Christie III
Senior Vice President, Finance

# **CERTIFICATE OF RESOLUTIONS**

I, Edward M. Christie III, a duly authorized officer of Frontier Airlines Holdings, Inc., a Delaware corporation (the "**Company**"), hereby certify that at a meeting of the Board of Directors of the Company duly called and held on April 10, 2008, the following resolutions were duly adopted in accordance with the requirements of Delaware General Corporation Law and that, as of the date hereof, these resolutions have not been amended or modified and are in full force and effect:

RESOLVED, that in the judgment of the Board of Directors of Frontier Airlines Holdings, Inc. (the "**Company**"), it is desirable and in the best interests of the Company, its creditors, employees and other interested parties that a petition be filed by the Company seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**");

RESOLVED, that the officers of the Company (each, an "**Authorized Officer**") be, and each of them hereby is, authorized on behalf of the Company to execute and verify petitions under chapter 11 of the Bankruptcy Code and to cause such petitions to be filed in the United States Bankruptcy Court for the Southern District of New York (the "**Court**"), each such petition to be filed at such time as the Authorized Officer executing the petition shall determine and to be in the form approved by the Authorized Officer executing such petition, such approval to be conclusively evidenced by the execution, verification and filing thereof;

RESOLVED, that the law firm of Davis Polk & Wardwell be, and hereby is, retained as attorneys for the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED, that Togut, Segal & Segal, LLP be, and hereby is, retained as counsel for the debtors with respect to conflicts and other designated matters for the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED, that Faegre & Benson LLP be, and hereby is, retained as special counsel for the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED, that Epiq Bankruptcy Solutions, LLC be, and hereby is, retained as notice and claims agent for the Company in the Company's chapter 11 case, subject to the approval of the Court;

RESOLVED, that Kekst and Company be, and hereby is, retained as communications advisor for the Company in the Company's chapter 11 case;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute and file in the Company's chapter 11 case all petitions, schedules, motions, lists, applications, pleadings and other papers, and, in connection therewith, to retain and obtain assistance from additional legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that any such Authorized Officer deems necessary or desirable in connection with the Company's chapter 11 case;

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions; and

RESOLVED, that any and all actions heretofore taken by any Authorized Officer or the directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed and approved in all respects.

IN WITNESS WHEREOF, I have hereunto set my hand this 10th day of April, 2008.

   /s/ Edward M. Christie, III
Name:  Edward M. Christie III
Title:   Senior Vice President, Finance