DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-6501
Marshall S. Huebner (MH 7800)
Timothy E. Graulich (TG 0046)
Damian S. Schaible (DS 7427)
Hugh R. McCullough (HM 0006)

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In re:**

**FRONTIER AIRLINES, INC.,**

**Debtor.**

**Chapter 11 Case No.**

**08-11297 (___)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In re:**

**FRONTIER AIRLINES HOLDINGS, INC.,**

**Debtor.**

**Chapter 11 Case No.**

**08-11298 (___)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**In re:**

**LYNX AVIATION, INC.,**

**Debtor.**

**Chapter 11 Case No.**

**08-11299 (___)**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## DEBTORS' MOTION FOR ORDER DIRECTING
## JOINT ADMINISTRATION OF CHAPTER 11 CASES

Frontier Airlines Holdings, Inc. ("**Frontier Holdings**") and those of its subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**")[1] respectfully represent:

### Background and Jurisdiction

1. On April 10, 2008 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**").  The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Edward M. Christie, III, Frontier Holdings' Senior Vice President, Finance, which is incorporated herein by reference.[2]

3. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may

---

[1] The Debtors are the following entities:  Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc.  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

[2] As the Declaration of Edward M. Christie, III explains in more detail, the Debtors were forced to seek chapter 11 protection under extraordinary time pressure.  As such, despite the Debtors' good faith and best efforts, during a very intense time period, neither the Debtors nor the undersigned can be certain that all of the facts contained herein and in the other filings made in connection with these chapter 11 cases are absolutely complete or accurate, and the Debtors reserve the right to revise, amend and/or supplement them.

2

be determined by the Bankruptcy Court.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### Relief Requested

4.  By this motion (the "**Motion**"), the Debtors seek entry of an order directing joint administration of these cases for procedural purposes only, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

5.  Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against … a debtor and an affiliate, the court may order a joint administration of the estates."  The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code.  Accordingly, this Court is authorized to grant the requested relief by virtue of the fact that Frontier is the direct parent of each of the other Debtors.

6.  On the date hereof, the Debtors commenced the three chapter 11 cases referenced above by filing petitions for voluntary relief with this Court.  Given the provisions of the Bankruptcy Code and the Debtors' affiliation, joint administration of these cases is warranted.  Joint administration will avoid the preparation, replication, service and filing, as applicable, of duplicative notices, applications and orders, thereby saving the Debtors considerable expense and resources.  The Debtors' financial affairs and business operations are closely related.  Many of the motions, hearings and orders in the chapter 11 cases will affect each and every Debtor and their estates.  The rights of creditors will not be adversely affected, as this Motion requests only administrative, and not substantive, consolidation of the estates.  Moreover, each creditor can still file its claim against a particular estate.  In fact, all creditors will benefit by the reduced costs

that will result from the joint administration of these cases. The Court also will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Finally, supervision of the administrative aspects of these chapter 11 cases by the United States Trustee for the Southern District of New York (the "**U.S. Trustee**") will be simplified.

7.      Accordingly, the Debtors respectfully request that the caption of their cases be modified to reflect the joint administration of these chapter 11 cases, as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re:** | : |
| | : **Chapter 11 Case No.** |
| **FRONTIER AIRLINES** | : **08-11298 (___)** |
| **HOLDINGS, INC., et al.,** | : |
| | : **(Jointly Administered)** |
| **Debtors.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

8.      The Debtors also seek the Court's direction that a notation substantially similar to the following be entered on the docket of each of the Debtors' cases to reflect the joint administration of these cases:

> An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc. The docket in Case No. 08-11298 (___) should be consulted for all matters affecting this case.

9.      Finally, the Debtors seek authority to file the monthly operating reports required by the U.S. Trustee's "Operating Guidelines and Financial Reporting Requirements" on a consolidated basis if the Debtors determine, after consultation with

4

the U.S. Trustee, that consolidated reports would further administrative economy and efficiency without prejudice to any party in interest and that the reports would accurately reflect the Debtors' consolidated business operations and financial affairs.

### Waiver of Memorandum of Law

10.   Pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York, because there are no novel issues of law presented herein, the Debtors respectfully request that the Court waive the requirement that the Debtors file a memorandum of law in support of this Motion.

### Notice

11.   No trustee, examiner or creditors' committee has been appointed in these chapter 11 cases.  The Debtors have served notice of this Motion on (a) the Office of the United States Trustee for the Southern District of New York; (b) those creditors holding the five largest secured claims against the Debtors' estates; (c) those creditors holding the thirty largest unsecured claims against the Debtors' estates; (d) the Internal Revenue Service and (e) the Securities and Exchange Commission.

### No Previous Request

12.   No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE, the Debtors respectfully request that the Court grant the relief requested herein and such other and further relief as is just and proper.

New York, New York
Dated: April 11, 2008

By: /s/ Marshall S. Huebner
Marshall S. Huebner (MH 7800)
Timothy E. Graulich (TG 0046)
Damian S. Schaible (DS 7427)
Hugh R. McCullough (HM 0006)

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone:   (212) 450-4000
Facsimile:    (212) 450-6501

*Proposed Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re:** <br><br> **FRONTIER AIRLINES, INC.,** <br><br> **Debtor.** | **Chapter 11 Case No.** <br><br> **08**-**11297 (\_\_\_)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re:** <br><br> **FRONTIER AIRLINES HOLDINGS, INC.,** <br><br> **Debtor.** | **Chapter 11 Case No.** <br><br> **08**-**11298 (\_\_\_)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re:** <br><br> **LYNX AVIATION, INC.,** <br><br> **Debtor.** | **Chapter 11 Case No.** <br><br> **08**-**11299 (\_\_\_)** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER DIRECTING JOINT**
**ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "**Motion**")[1] of Frontier Airlines Holdings, Inc. ("**Frontier Holdings**") and those of its subsidiaries that are debtors and debtors in possession in

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

these proceedings (collectively, the "**Debtors**"),[2] for an order pursuant to Bankruptcy Rule 1015(b) directing the joint administration of the Debtors' chapter 11 cases for procedural purposes only, as more fully described in the Motion; and upon consideration of the Declaration of Edward M. Christie, III pursuant to Local Bankruptcy Rule 1007-2 in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates, (c) those creditors holding the thirty largest unsecured claims against the Debtors' estates, (d) the Internal Revenue Service and (e) the Securities and Exchange Commission, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript hereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

---

[2] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc.

all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Motion is hereby granted; and it is further

ORDERED that, pursuant to Bankruptcy Rule 1015(c), the above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court; and it is further

ORDERED that nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases; and it is further

ORDERED that the caption of the jointly administered cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| **In re:** | : |
| | : **Chapter 11 Case No.** |
| **FRONTIER AIRLINES** | : 08-11298 (___) |
| **HOLDINGS, INC., et al.,** | : |
| | : **(Jointly Administered)** |
| **Debtors.** | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

; and it is further

ORDERED that a docket entry shall be made in each of the above-captioned cases substantially as follows:

3

An Order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc. The docket in Case No. 08-11298 (___) should be consulted for all matters affecting this case.

; and it is further

ORDERED that notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion; and it is further

ORDERED that the requirement pursuant to Rule 9013-1(b) of the Local Bankruptcy Rules for the Southern District of New York that the Debtors file a memorandum of law in support of the Motion is hereby waived.

New York, New York

Dated:_____, 2008

_____
UNITED STATES BANKRUPTCY JUDGE