UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
**In re:** :
: **Chapter 11 Case No.**
:
**FRONTIER AIRLINES** : **08-11298 (RDD)**
**HOLDINGS, INC., et al.,** :
: **(Jointly Administered)**
:
**Debtors.** :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**FINAL ORDER AUTHORIZING DEBTORS
TO (i) CONTINUE TO USE EXISTING CASH
MANAGEMENT SYSTEM AND (ii) MAINTAIN
EXISTING BANK ACCOUNTS AND BUSINESS FORMS**

Upon the motion (the "**Motion**")[1] of Frontier Airlines Holdings, Inc. ("**Frontier Holdings**") and those of its subsidiaries that are debtors and debtors in possession in these cases (collectively, the "**Debtors**"),[2] for an interim order (the "**Interim Order**") and a final order authorizing the Debtors to (i) continue to use their existing cash management system and (ii) maintain existing bank accounts and business forms, as more fully described in the Motion; and upon consideration of the Declaration of Edward M. Christie, III pursuant to Local Bankruptcy Rule 1007-2 in support of the Debtors' first-day pleadings; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

[2] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc.

York dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the Interim Order having been provided to (a) the Office of the United States Trustee for the Southern District of New York, (b) those creditors holding the five largest secured claims against the Debtors' estates, (c) those creditors holding the thirty largest unsecured claims against the Debtors' estates, (d) the Internal Revenue Service and (e) the Securities and Exchange Commission, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having held a hearing with appearances of parties in interest noted in the transcript hereof (the "**Hearing**"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the final relief granted herein; and the Court having entered the Interim Order on April 11, 2008; and no objections having been received by the Court; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

    ORDERED that, pursuant to sections 105(a), 345, 363(c)(1) and 364(a) of the Bankruptcy Code and Bankruptcy Rule 6003, the relief requested in the Motion, as modified herein, is hereby granted; and it is further

    ORDERED that the Debtors are authorized and empowered, pursuant to sections 105(a) and 363(c)(1) of the Bankruptcy Code, to continue to maintain, operate and make

transfers under their Cash Management System as described in the Motion; and it is further

ORDERED that, pursuant to section 364(a) of the Bankruptcy Code, the Debtors are authorized, in connection with the ordinary course operation of their Cash Management System, to obtain unsecured credit and incur unsecured debt in the ordinary course of business without any further notice or hearing; and it is further

ORDERED that, in accordance with their pre-petition practices, the Debtors shall maintain records of all transfers within the Cash Management System to the same extent they were recorded by the Debtors before the commencement of these chapter 11 cases; and it is further

ORDERED that the Debtors are authorized to continue to maintain the Bank Accounts with the same account numbers following the commencement of these cases; and it is further

ORDERED that the Banks are authorized to continue to treat, service, and administer the Bank Accounts as accounts of the respective Debtor as a debtor in possession without interruption and in the usual and ordinary course and to receive, process and honor and pay any and all post-petition checks, drafts, wires, or ACH Transfers drawn on the Bank Accounts by the holders or makers thereof, as the case may be; and it is further

ORDERED that, notwithstanding anything to the contrary in any other order of this Court, the Banks are authorized to accept and honor all representations from the Debtors as to which checks, drafts, wires or ACH Transfers should be honored or dishonored, consistent with any order of this Court and governing law, whether such

checks, drafts, wires or ACH Transfers are dated prior to, on, or subsequent to the Petition Date; and it is further

ORDERED that the Banks shall not be liable to any party on account of (a) following the Debtors' instructions or representations as to any order of this Court, (b) the honoring of any pre-petition check or item in a good faith belief that the Court has authorized such pre-petition check or item to be honored or (c) an innocent mistake made despite implementation of reasonable item handling procedures; and it is further

ORDERED that, in accordance with current practice and the agreement governing the Bank Accounts, the Banks are authorized to "charge back" to the Debtors' accounts any amounts incurred by the Banks resulting from returned checks or other returned items, and the Debtors are authorized to pay any fees and expenses owed to the Banks, in each case regardless of whether such items were deposited pre-petition or post-petition or relate to pre-petition or post-petition items; and it is further

ORDERED that any payment from a Bank Account at the request of the Debtors made by a Bank prior to the Petition Date (including any ACH Transfer such Bank is or becomes obligated to settle), or any instruments issued by such Bank on behalf of any Debtor pursuant to a "midnight deadline" or otherwise, shall be deemed to be paid pre-petition, whether or not actually debited from the Bank Account pre-petition; and it is further

ORDERED that the Debtors are authorized to implement changes to the Cash Management System in the ordinary course of business, including opening any additional bank accounts, or closing any existing Bank Account as they may deem necessary and appropriate; and it is further

ORDERED that the Banks are authorized to honor the Debtors' requests to open or close, as the case may be, such bank accounts or additional bank accounts, provided, however, that any new account that is a domestic account shall be with a bank insured with the Federal Deposit Insurance Corporation or the Federal Savings and Loan Insurance Corporation and that is organized under the laws of the United States or any State therein, or, in the case of accounts that may carry a balance exceeding the insurance limitations set thereby, on the list of authorized bank depositories for the Southern District of New York; and it is further

ORDERED that within seven days of opening any additional bank account, except for (i) a bank account that the Debtors intend to use as a station account for depository purposes only or (ii) a *de minimis* bank account, the Debtors will provide notice of such opening to the attorneys for the official committee of unsecured creditors, Wilmer Cutler Pickering Hale & Dorr LLP, 399 Park Avenue, New York, New York 10022, Attention: Andrew N. Goldman and James H. Millar; and it is further

ORDERED that nothing contained herein shall prevent Banks from modifying or terminating any Bank Accounts or related services in accordance with the agreements governing such accounts or services; and it is further

ORDERED that the Debtors are authorized to continue to use their Business Forms, substantially in the forms existing immediately before the Petition Date, without reference to their status as debtors in possession, provided, however, the Debtors shall, as soon as reasonably practicable, cause the phrase "Debtor in Possession" to be included on their checks issued within the United States; and it is further

ORDERED that notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

New York, New York
Dated: May 2, 2008

                                              /s/ Robert D. Drain
                                              The Honorable Robert D. Drain
                                              UNITED STATES BANKRUPTCY JUDGE