Objection Deadline: June 9, 2008 at 4:00 p.m. (prevailing Eastern Time)
Hearing Date (if necessary): June 26, 2008 at 10:00 a.m. (prevailing Eastern Time)

DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-6501
Marshall S. Huebner
Timothy E. Graulich
Damian S. Schaible
Hugh R. McCullough

*Counsel to the Debtors
and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
**In re:**                                        :
                                                  : **Chapter 11 Case No.**
                                                  :
**FRONTIER AIRLINES**                             : **08-11298 (RDD)**
**HOLDINGS, INC., et al.,**                       :
                                                  : **(Jointly Administered)**
                                                  :
**Debtors.**                                      :
                                                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

# DEBTORS' MOTION FOR AUTHORIZATION TO PERFORM UNDER LETTER AGREEMENT WITH SOVEREIGN BANK AND FIRST DATA MERCHANT SERVICES CORPORATION AND MERCHANT SERVICES AIRLINE BANKCARD AGREEMENT WITH SOVEREIGN BANK AND FIRST DATA MERCHANT SERVICES CORPORATION AS AMENDED THEREBY

Frontier Airlines Holdings, Inc. and its two subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**")[1] respectfully represent:

---

[1] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc. The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

**Background and Jurisdiction**

1. On April 10, 2008 (the "**Petition Date**"), each Debtor commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

2. The Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and may be determined by the Bankruptcy Court. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. By this motion (the "**Motion**"), the Debtors seek an order in the form attached hereto as Exhibit A (the "**Order**") authorizing the Debtors, pursuant to section 363(b) of the Bankruptcy Code, to perform under (a) the Letter Agreement (the "**Letter Agreement**") dated as of May 23, 2008 among Sovereign Bank, First Data Merchant Services Corporation d/b/a Sovereign Merchant Services (collectively, "**First Data**") and Frontier Airlines, Inc. ("**Frontier**") and (b) the Merchant Services Airline Bankcard Agreement dated August 14, 2007 between First Data and Frontier, as amended by the Letter Agreement (the "**Agreement**").[2]

---

[2] Pursuant to the Case Management Order (as defined below), because the Letter Agreement and Agreement each contain highly sensitive commercial information, the Debtors have not attached copies to this Motion but will provide copies to the Court and to the advisors to the Statutory Committee of Unsecured Creditors. Failure to describe in this Motion any provision of the Letter Agreement or the Agreement will not affect its enforceability.

2

**Basis for Relief**

4. The Debtors derive most of their revenue from credit card sales. For the twelve months ending March 31, 2008, for example, MasterCard and Visa bankcard sales comprised approximately 70% of the Debtors' approximately $1.35 billion of total revenue. In the ordinary course of business, the Debtors accept for payment various categories of credit cards, including Visa and MasterCard. First Data authorizes, processes and settles all dollar-denominated Visa and MasterCard credit card transactions for customers purchasing tickets for airfare from Frontier.

5. After negotiations between Frontier and First Data, the parties have agreed that First Data will continue to provide credit card processing services to Frontier on the terms and subject to the conditions set forth in the Letter Agreement, which include:

(a) After an initial deposit of $1,000,000 on the effective date of the Letter Agreement (the "**Effective Date**"), First Data will deposit an agreed percentage of daily credit card receipts into a reserve account until the amount in the reserve account is equal to the greater of (i) 100% of peak bankcard air traffic liability ("**Bankcard ATL**") calculated based on a 120-day forward look and (ii) current bankcard air traffic liability (such greater amount, the "**Reserve Amount**"). Bankcard ATL generally means travel and other services that have been paid for by credit card customers but have not yet been delivered.

(b) First Data agrees that the terms set forth in the Letter Agreement will constitute full adequate protection and adequate assurance of future performance in connection with the Agreement going forward. So long as First Data receives and is permitted to maintain the collateral referenced in the

3

Letter Agreement and set forth in the Letter Agreement, First Data agrees (i) not to seek any additional or different collateral or other credit protection on account of the Agreement and (ii) not to rely on any provision of the Agreement to terminate or seek to terminate the Agreement based on Frontier's (or any affiliate's) financial condition, current chapter 11 cases or asset sales. Notwithstanding the previous sentence, solely during the period until the amount in the reserve account reaches the Reserve Amount, First Data may seek Court approval to terminate the Agreement or seek additional adequate protection or adequate assurance of future performance if there is an adverse change in Frontier's business operations as compared to May 23, 2008, the date of the Letter Agreement, that a reasonable person would deem a material adverse change with regard to the Agreement.

      (c)    Bankcard ATL will be reported on and adjusted more frequently.

      (d)    Frontier will have the right to terminate the Agreement on 30 days' notice, subject to a mutually-agreed wind-down of the collateral base as of the termination. First Data will have no claim for damages arising out of an exercise of this termination right by Frontier, and First Data will not, during the wind-down, retain more collateral than is needed to cover any remaining Bankcard ATL exposure.

      (e)    None of the Letter Agreement, the order of the Court authorizing performance under the Letter Agreement nor the deemed amendment to or performance under the Agreement shall constitute an assumption by Frontier

of the Agreement, an agreement to assume the Agreement or a post-petition re-affirmation of the Agreement.

6. The provisions of the Letter Agreement constitute a fair compromise for both the Debtors and First Data and ensure for the Debtors First Data's continuing performance. Performance under the Letter Agreement and the Agreement is in the best interests of the Debtors and their respective estates and creditors.

### Applicable Authority

7. Section 363(b)(1) of the Bankruptcy Code authorizes a debtor, after notice and a hearing, to "use" property other than in the ordinary course of business.

8. Courts in the Second Circuit and elsewhere have required that debtors' decisions to use property pursuant to section 363(b)(1) be based upon the sound business judgment of the debtor. S*ee In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992) (a judge determining a section 363(b) application must find from the evidence presented a good business reason to grant such application); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983) (same); *In re Global Crossing Ltd.*, 295 B.R. 726, 743 (Bankr. S.D.N.Y. 2003) ("courts are loath to interfere with corporate decisions absent a showing of bad faith, self-interest, or gross negligence" (*citing Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.)*, 147 B.R. 650, 656 (S.D.N.Y. 1992)).

9. Performance under the Letter Agreement and the Agreement as amended thereby represent a sound exercise of the Debtors' business judgment and are for a valid business purpose. Any interruption in the processing of purchases made using Visa or MasterCard credit cards would adversely affect a critical source of revenue for the Debtors, to the detriment of all parties in interest. The Letter Agreement preserves

the Debtors' ability (at commercially reasonable rates) to receive critical revenues, and the Letter Agreement was negotiated in good faith.

## Relief Under Bankruptcy Rule 6004(h)

10.    Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property . . . is stayed until the expiration of 10 days after entry of the order, unless the court orders otherwise." The Debtors request that any order granting the relief requested herein be effective immediately by providing that the 10-day stay under Bankruptcy Rule 6004(h) is waived.

## Notice

11.    Pursuant to the Order Establishing Certain Notice, Case Management and Administrative Procedures entered by the Court on May 2, 2008 (the "**Case Management Order**"), the Debtors will serve notice of this Motion on each of (a) the Core Parties (as defined in the Case Management Order), (b) First Data and (c) the Non-ECF Service Parties (as defined in the Case Management Order). Pursuant to the Case Management Order, the relief requested herein may be granted without a hearing if no objections are timely filed and served in accordance with the Case Management Order.

## No Previous Request

12.    No previous request for the relief sought herein has been made by the Debtors to this or any other court.

WHEREFORE the Debtors respectfully request that the Court grant the Debtors the relief requested herein and such other and further relief as the Court deems just and proper.

New York, New York
Dated: May 30, 2008

By: /s/ Marshall S. Huebner
DAVIS POLK & WARDWELL
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-6501
Marshall S. Huebner
Timothy E. Graulich
Damian S. Schaible
Hugh R. McCullough

*Counsel to the Debtors
and Debtors in Possession*

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
In re:                                        :
                                              :
                                              : Chapter 11 Case No.
FRONTIER AIRLINES                             :
HOLDINGS, INC., et al.,                       : 08-11298 (RDD)
                                              :
                                              : (Jointly Administered)
Debtors.                                      :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**ORDER AUTHORIZING THE DEBTORS TO PERFORM UNDER
LETTER AGREEMENT WITH SOVEREIGN BANK AND
FIRST DATA MERCHANT SERVICES CORPORATION AND
MERCHANT SERVICES AIRLINE BANKCARD AGREEMENT WITH
SOVEREIGN BANK AND FIRST DATA MERCHANT SERVICES
<u>CORPORATION AS AMENDED THEREBY</u>**

Upon the motion (the "**Motion**")[1] of Frontier Airlines Holdings, Inc. and its two subsidiaries that are debtors and debtors in possession in these proceedings (collectively, the "**Debtors**"),[2] pursuant to section 363(b) of the Bankruptcy Code, seeking authority to perform under the Letter Agreement and the Agreement as amended thereby, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.); and consideration of the Motion and the requested relief being a core proceeding the

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Motion.

[2] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc.

Bankruptcy Court can determine pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided in accordance with the Case Management Order, and it appearing that no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their respective estates and creditors; and performing under the Letter Agreement and the Agreement as amended thereby representing a prudent exercise of the Debtors' business judgment; and the Debtors having articulated good, sufficient and sound business justifications and compelling circumstances therefor; and the Court having reviewed the Motion [and having held a hearing with appearances of parties in interest noted in the transcript thereof (the "**Hearing**")]; and the Court having determined that the legal and factual bases set forth in the Motion [and at the Hearing] establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that, pursuant to section 363(b) of the Bankruptcy Code, the relief requested in the Motion is hereby granted in all respects; and it is further

ORDERED that, pursuant to section 363(b)(1) of the Bankruptcy Code, the Debtors are hereby authorized to perform under the Letter Agreement and the Agreement as amended thereby *nunc pro tunc* to June 1, 2008 and to execute, deliver and fully perform any and all obligations, instruments, documents and papers and to take any and all actions reasonably necessary or appropriate to perform all obligations contemplated under the Letter Agreement or the Agreement as amended thereby; and it is further

ORDERED that none of this Order, the Letter Agreement, the Debtors' performance under the Letter Agreement nor the Agreement as amended thereby shall constitute an assumption by the Debtors of the Agreement or a post-petition reaffirmation of the Agreement; and it is further

ORDERED that First Data shall have no claim for damages arising out of an exercise by Frontier of its right, under the Letter Agreement, to terminate the Agreement upon 30 days' notice; and it is further

ORDERED that the failure to specifically describe or include any particular provision of the Letter Agreement or the Agreement in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Debtors are authorized to perform under the Letter Agreement and the Agreement as amended thereby, and the transactions and agreements contemplated thereby, in their entirety; and it is further

ORDERED that notwithstanding any Federal Rule of Bankruptcy Procedure that might otherwise delay the effective time of this order, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

New York, New York

Dated:_____, 2008

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE