**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------x

In re:                                                              :      **Chapter 11**
                                                                    :
**FRONTIER AIRLINES HOLDINGS, INC., et al.,**                       :      **Case No. 08-11298 (RDD)**
                                                                    x
                                         **Debtors.**                      **Jointly Administered**

---------------------------------------------------------------------------------

## NOTICE OF FIFTH INTERIM AND FINAL FEE APPLICATION OF SEABURY TRANSPORTATION HOLDINGS LLC, FINANCIAL ADVISOR FOR THE DEBTORS FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE INTERIM PERIOD FROM AUGUST 1, 2009 THROUGH OCTOBER 1, 2009 AND FINAL PERIOD FROM APRIL 11, 2008 THROUGH OCTOBER 1, 2009

PLEASE TAKE NOTICE that SEABURY TRANSPORTATION HOLDINGS LLC ("Seabury") financial advisor for the Debtors and Debtors-in-Possession (the "Debtors") seeks compensation and reimbursement of fees for the fifth interim period from August 1, 2009 through October 1, 2009 (the "Interim Period") and final period from April 11, 2008 through October 1, 2009 (the "Final Period") for services rendered to the Debtors in the above referenced case.

Pursuant to the Court's Administrative Order under 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Order") entered on May 2, 2008, attached is Seabury's fifth interim and final fee application to be delivered to (i) the Debtors, Frontier Airlines Holdings, Inc. (Attn: General Counsel); (ii) counsel to the Debtors, Davis Polk & Wardwell (Attn: Marshall S. Huebner); (iii) counsel to the Official Committee of Unsecured Creditors, Wilmer Cutler Pickering Hale & Dorr, LLP (Attn: Andrew N. Goldman and James H. Millar); and (iv) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee") (Attn: Brian Masumoto); (v) The United States Bankruptcy Court, Southern District of New York (Attn: Clerk).

Dated: New York, New York
            October 23, 2009

                                         Respectfully submitted,

                                         */s/ Michael B. Cox*
                                         Michael B. Cox
                                         SEABURY TRANSPORTATION HOLDINGS LLC
                                         1350 Avenue of the Americas
                                         25th Floor
                                         New York, New York 10019
                                         FINANCIAL ADVISORS FOR THE DEBTORS AND
                                         DEBTORS IN POSSESSION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Notice, with attachments, is being served on:

(i)   the Debtor

          Frontier Airlines Holdings, Inc.
          Attn:  General Counsel
          7001 Tower Road
          Denver, CO  80249

(ii)  counsel to the Debtors

          Davis Polk & Wardell
          Attn:  Marshall S. Huebner
          450 Lexington Avenue
          New York, NY 10017

(iii)  counsel to the Official Committee of Unsecured Creditors

          Wilmer Cutler Pickering Hale & Dorr, LLP
          Attn:  Andrew N. Goldman & James H. Millar
          399 Park Avenue
          New York, NY 10022

(iv)  the Office of the United States Trustee for the Southern District of New York

          The U.S. Trustee
          Attn: Brian Masumoto
          33 Whitehall Street, 21st Floor
          New York, NY 10004

(v)  the United States Bankruptcy Court, Southern District of New York

          Attn: Clerk
          Alexander Hamilton Custom House
          One Bowling Green
          New York, NY 10004

          */s/ Ginger Hughes*
          Ginger Hughes

Michael B. Cox
SEABURY TRANSPORTATION HOLDINGS LLC
Financial Advisors for Debtors and Debtors In
Possession
1350 Avenue of the Americas
25th Floor
New York, New York 10019
Telephone: (212) 284-1133
Facsimile: (212) 284-1144

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | :: | **Chapter 11** |
| **FRONTIER AIRLINES HOLDINGS, INC., et al.,** | : | **Case No. 08-11298 (RDD)** |
| **Debtors.** | x | **Jointly Administered** |

-----------------------------------------------------------------------------

**FIFTH INTERIM APPLICATION PERIOD FROM AUGUST 1, 2009 THROUGH OCTOBER
1, 2009 AND FINAL PERIOD FROM APRIL 11, 2009 THROUGH OCTOBER 1, 2009
SEABURY TRANSPORTATION HOLDINGS LLC
FINANCIAL ADVISORS FOR THE DEBTORS**

**NAME OF APPLICANT:**　　　　　　　　SEABURY TRANSPORTATION HOLDINGS LLC

**TIME PERIOD:**　　　Interim Period from August 1, 2009 through and including October 1, 2009
　　　　　　　　　　Final Period from April 11, 2009 through and including October 1, 2009

**ROLE IN THE CASE:**　　　　　　　　Financial Advisor to the Debtors

**APPLICATION:**

| | Interim Period | Final Period |
|---|---|---|
| Total Fees Requested: | $4,925,850[1] | $11,185,390[1] |
| Total Expenses Requested: | $23,694 | $238,299 |

---

[1] The fees requested represent voluntary reductions of fees and expenses of $34,200 and $561,741 during the
Interim Period and Final Period, respectively, as reflected in Seabury's monthly fee statements.

*HOURLY SERVICES:*

| Name | Title | Average Billed Rate | Interim Period Hours Engaged | Interim Period Aggregate Fees Sought | Final Period Hours Engaged | Final Period Aggregate Fees Sought | Rate for Similar Non-Bankruptcy |
|------|-------|---------------------|-------|-------|-------|-------|-------|
| David Bental | Managing Director | $611.86 | - | $ - | 68.8 | $ 42,096 | $719.84 |
| Steve Still | Managing Director | $684.25 | - | - | 17.0 | 11,632 | $805.00 |
| Bijoy Mechery | Managing Director | $595.00 | - | - | 11.4 | 6,783 | $700.00 |
| George Aschenbach | Executive Director | $650.25 | 162.5 | 105,666 | 303.5 | 197,351 | $765.00 |
| Kathy Bonneville | Executive Director | $650.25 | - | - | 11.0 | 7,153 | $765.00 |
| Ken Raff | Executive Director | $604.65 | - | - | 189.5 | 114,581 | $711.35 |
| Ginger Hughes | Senior Vice President | $592.38 | 136.9 | 84,946 | 778.9 | 461,403 | $696.91 |
| Myles Goeller | Senior Vice President | $620.50 | - | - | 54.5 | 33,838 | $730.00 |
| John Belt | Senior Vice President | $620.50 | - | - | 180.2 | 111,814 | $730.00 |
| Joe Megna | Senior Vice President | $620.50 | - | - | 375.8 | 233,184 | $730.00 |
| Jamie Szymanski | Senior Vice President | $620.50 | - | - | 11.9 | 7,384 | $730.00 |
| Karl Evans | Vice President | $492.41 | - | - | 738.3 | 363,523 | $579.31 |
| Alan Sbarra | Vice President | $200.80 | - | - | 373.5 | 75,000 | $625.00 |
| Bill Pacelli | Vice President | $459.00 | - | - | 40.8 | 18,704 | $540.00 |
| Kristen Vaughan | Vice President | $531.25 | 6.0 | 3,188 | 6.0 | 3,188 | $625.00 |
| Steve Strange | Senior Associate | $437.75 | - | - | 611.4 | 267,639 | $515.00 |
| Jamie Garzia | Senior Associate | $437.75 | - | - | 34.0 | 14,884 | $515.00 |
| Marcel Beer | Associate | $412.25 | - | - | 249.0 | 102,650 | $485.00 |
| Steve Kuhns | Associate | $412.25 | - | - | 6.0 | 2,474 | $485.00 |
| Pat Lilly | Associate | $357.00 | - | - | 41.6 | 14,851 | $420.00 |
| Kristen Oldenburger | Associate | $412.25 | - | - | 484.8 | 199,838 | $485.00 |
| Cody Ronchetto | Analyst | $204.00 | - | - | 100.1 | 20,420 | $240.00 |
| | | | 305.4 | $ 193,800 | 4,687.9 | $ 2,310,390 | |

*FIXED FEE SERVICES:*

| | | | | | | |
|------|------|------|------|------|------|------|
| Restructuring Retainer | | | | $ 200,000 | | $ 1,916,667 |
| Corporate Finance Retainer | | | | 100,000 | | 958,333 |
| Success Fees | | | | 4,432,050 | | 6,000,000 |
| | | | | $4,732,050 | | $ 8,875,000 |

*TOTAL FEES SOUGHT* [1]

| | | | | | | |
|------|------|------|------|------|------|------|
| | | | | $4,925,850 | | $11,185,390 |

Michael B. Cox
SEABURY TRANSPORTATION HOLDINGS LLC
Financial Advisors for Debtors and Debtors In Possession
1350 Avenue of the Americas, 25th Floor
New York, New York  10019
Telephone:  (212) 284-1133
Facsimile:  (212) 284-1144

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | :: | **Chapter 11** |
| **FRONTIER AIRLINES HOLDINGS, INC., et al.,** | : | **Case No. 08-11298 (RDD)** |
| **Debtors.** | x | **Jointly Administered** |

-------------------------------------------------------------------------------

### FIFTH INTERIM AND FINAL FEE APPLICATION OF SEABURY TRANSPORTATION HOLDINGS LLC, FINANCIAL ADVISOR FOR THE DEBTORS FOR PROFESSIONAL SERVICES RENDERED AND FOR REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE INTERIM PERIOD AUGUST 1, 2009 THROUGH OCTOBER 1, 2009 AND FINAL PERIOD FROM APRIL 11, 2008 THROUGH OCTOBER 1, 2009

Seabury Transportation Holdings LLC and its affiliates ("Seabury"), financial advisors for Frontier Airlines Holdings, Inc. ("Frontier."), and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"),[1] for its fifth interim and final application (the "Application"), pursuant to sections 330(a) and 331 of title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for the final allowance of compensation for professional

---

[1] The Debtors are the following entities: Frontier Airlines Holdings, Inc.; Frontier Airlines, Inc.; and Lynx Aviation, Inc.  The employer tax identification numbers and addresses for each of the Debtors are set forth in the Debtors' chapter 11 petitions.

services performed by Seabury for the fifth interim period commencing August 1, 2009 through and including October 1, 2009 (the "Interim Period") and the period commencing April 11, 2008 through and including October 1, 2009 (the "Final Period") (collectively, the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period, respectfully represents:

## SUMMARY OF PROFESSIONAL COMPENSATION
## AND REIMBURSEMENT OF EXPENSES REQUESTED

1.     This Application has been prepared in accordance with the Amended Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 adopted on January 30, 1996 (the "UST Guidelines"), the Order Pursuant to Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order," collectively with the Local Guidelines and UST Guidelines, the "Guidelines").  Pursuant to the Local Guidelines, a certification regarding compliance with same is attached hereto as Exhibit "A."

2.     Seabury seeks allowance in full of interim compensation for professional services rendered to the Debtors during the Interim Period, in the aggregate amount of $4,925,850 which is comprised of $193,800 for services billed on an hourly basis, $300,000 for monthly retainers for fixed fee services, $4,432,050 for success fees as a result of various transactions (see detail on Exhibit "E" attached hereto) and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $23,694. In addition, Seabury seeks final allowance of compensation for professional services rendered to

the Debtors during the Final Period, in the aggregate of $11,423,689 which is comprised of $2,310,390 for services billed on an hourly basis, $2,875,000 for monthly retainers for fixed fee services, $6,000,000 for success fees as a result of various transactions (see detail on Exhibit "E" attached hereto) and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $238,299. During the Interim Period and Final Period, Seabury professionals expended a total of 305.4 and 4,689.7 hours, respectively, for which hourly billed compensation is requested.

3. Seabury has provided the Debtors, the United States Trustee for the Southern District of New York (the "United States Trustee"), and the statutory committee of unsecured creditors appointed in these cases (the "Committee") with a monthly fee statement for professional services rendered and expenses incurred on behalf of the Debtors, along with a detailed report of time entries. In accordance with the Interim Compensation Order, the Debtors will have paid Seabury 80% of its fees of $3,785,840 and 100% of the expenses of $23,694 (assuming payment of the September 2009 bill prior to the hearing on this Application) for the Interim Period. By this Application, Seabury seeks payment of the remaining $946,410, which amount represents the remaining 20% of Seabury's requested fees during the Interim Period and final allowance $11,185,390 in fees and $238,299 in expenses for the Final Period.

4. During the Compensation Period, Seabury has received no payment (other than monthly payments made pursuant to paragraph three above) nor has it received any promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between Seabury and any other person, for the sharing of compensation to be received for services rendered in these cases.

5.     The fees charged by Seabury in these cases are billed in accordance with its existing billing rates and procedures in effect during the Compensation Period.  The rates Seabury charges for the services rendered by its professionals in these chapter 11 cases are the same or lower rates Seabury charges for professional services rendered in comparable nonbankruptcy related matters.  Such fees are reasonable based on the customary compensation charged by comparably skilled professionals in comparable nonbankruptcy cases.  The amount sought reflects a reduction from customary hourly fees of $34,200 and $561,741 for the Interim Period and Final Period, respectively.

6.     Pursuant to the UST Guidelines, annexed hereto as Exhibit "B" is a schedule setting forth all Seabury professionals who have performed services in these chapter 11 cases during the Compensation Period, the capacity in which each such individual is employed by Seabury.  In addition, for those services billed on an hourly basis, such schedule sets forth the hourly billing rate charged by Seabury for services performed by such individual, the aggregate number of hours expended in these cases and fees billed therefor.

7.     Annexed hereto as Exhibit "C" is a schedule specifying the categories of expenses for which Seabury is seeking reimbursement, and the total amount for each such expense category.

8.     Pursuant to the UST Guidelines, annexed hereto as Exhibit "D" is a summary of Seabury's time records billed during the Compensation Period, including the utilization of project categories as hereinafter described.

9.     Seabury maintains records of the time spent by all Seabury professionals in connection with the prosecution of the Debtors' chapter 11 cases.  Subject to redaction where necessary to protect the Debtors' estate, copies of these records will be furnished to the Court, to

the attorneys for the Committee, and to the United States Trustee, in the format specified by the UST Guidelines.[2]

## BACKGROUND

10.     On April 11, 2008 (the "Petition Date"), each of the Debtors filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

11.     On April 24, 2008, pursuant to section 1102 of the Bankruptcy Code, the United States Trustee appointed the Committee.  No trustee or examiner has been appointed.

12.     Pursuant to the Order of the Court, dated June 18, 2008, the Debtors were authorized to retain Seabury as their financial advisors in their chapter 11 cases.

13.     On September 10, 2009, the Joint Plan of Reorganization was confirmed by order of this Court.

14.     Seabury has confirmed that, to date, the Debtors have paid all quarterly fees due to the United States Trustee.[3]

## SUMMARY OF SERVICES

15.     During the Compensation Period, Seabury rendered substantial professional services in furtherance of the Debtors' reorganization efforts and chapter 11 cases.

16.     The following is a summary of the significant professional services rendered by Seabury during the Compensation Period.

---

[2]  Detailed time and expense records are not being filed but are being provided to the Debtors, the Court, the Office of the United States Trustee and the Statutory Committee of Unsecured Creditors. Parties in interest required to be served with monthly fee statements pursuant to the Interim Compensation Order have previously received such records. Copies of these records will be made available to other parties in interest upon request.

[3]  With respect to the additional requirements of section 2 of the UST Guidelines, the Debtors have filed all required monthly operating reports.

a. <u>General Advisory</u> –
   (i)    Assisted in the evaluation of the Debtors' businesses and prospects;
   (ii)   Assisted in the development of the Debtors' long-term business plan and related financial projections;
   (iii)  Assisted in the development of financial data and presentations to the Debtors' Board of Directors, various creditors and other third parties;
   (iv)   Analyzed the Debtors' financial liquidity and evaluated alternatives to improve such liquidity; and
   (v)    Evaluated the Debtors' debt capacity and alternative capital structures.

b. <u>Restructuring Advisory</u> –
   (i)    Analyzed various restructuring scenarios on the value of the Debtors and the recoveries of those stakeholders impacted by the cases;
   (ii)   Provided strategic advice with regard to restructuring or refinancing the Debtors' obligations; and
   (iii)  Participated in negotiations among the Debtor and its creditors, supplies, lenders, lessors and other interested parties.

c. <u>Corporate Finance Services</u> –
   (i)    Assisted the Debtor in evaluating opportunities for debtor-in-possession financing;
   (ii)   Assisted the Debtor in identifying potential sources of financing, assisted in the due diligence process and negotiating the terms of such potential financing;
   (iii)  Assisted the Debtors in evaluating one or more strategic transactions, including identifying potential strategic partners, assisting in the due diligence process and negotiating the terms of such potential transactions;
   (iv)   Assisted the Debtors in restructuring and refinancing debt and lease obligations; and,
   (v)    Assisted the Debtors in evaluating and completing one or more transactions that involve a sale of the Debtors' assets.

d.      <u>Vendor Control</u> – Assisted in planning, training and managing a vendor control program to assist the Debtors in managing their relationships with vendors system-wide as a means of minimizing cash requirements during the cases while maintaining continuity of operations.

e.      <u>Vendor Contract Optimization</u> – Assisted in the set up and management of a vendor contract optimization process to assist the Debtors in (i) minimizing assumption of prepetition contracts and (ii) optimizing ultimate vendor contract terms and conditions for the reorganized Debtors.

f.      <u>Fleet and Network Optimization</u> – Assisted the Debtors in competitive network analysis using Seabury Airline Planning Group LLC proprietary network and fleet optimization models and the Debtors' route profitability information and other market data sources. In addition, assisted the Debtors with certain strategic analysis as set for by the Debtors including incremental revenue from code share or other strategic relationships, potential network plan revisions from strategic relationships and potential cost savings from strategic relationships.

g.      <u>Business Optimization</u> – Assisted the Debtors in evaluating and analyzing cost reduction opportunities in specific cost areas including Maintenance, Customer Service, and Marketing and Distribution.

h.      <u>Incentive Compensation Consulting</u> – Assisted in evaluation of various potential incentive compensation schemes including benchmarking to competitors.

i.      <u>Interim Financial Planning and Analysis</u> – Provided the Debtors with a financial planning resource on an interim basis to support the Debtor until a replacement employee could be recruited and trained.

17.      The foregoing professional services performed by Seabury were necessary and appropriate to the administration of these cases. The professional services performed by Seabury were in the best interests of the Debtors and the other parties in interest. Compensation for the foregoing services, as requested, is commensurate with the complexity, importance and nature of the problems, issues or tasks involved. The professional services were performed in an expeditious and efficient manner.

18.     Seabury has one of the largest investment banking, restructuring, and management consulting practices in the world dedicated to the transportation sector, with its principal focus on the aviation and aerospace industries.  Seabury has extensive experience working with financially troubled companies in complex financial restructurings both out-of-court and during chapter 11 cases.

19.     Seabury billed the Debtors at an average discounted hourly billing rate of $634.58 and $492.84 per hour for hourly billed services in the Interim Period and Final Period, respectively.  As noted, attached hereto is a schedule listing each Seabury professional who performed services in these cases during the Compensation Period, the hourly rate charged by Seabury for services performed by each such individual engaged in services billed on an hourly basis, and the aggregate number of hours and charges by each such individual.

## ACTUAL AND NECESSARY DISBURSEMENTS OF SEABURY

20.     As set forth in Exhibit "C" hereto, Seabury has disbursed $23,694 and $238,299, as expenses incurred in providing professional services during the Interim Period and Final Period, respectively.  Each of these categories of expenses does not exceed the maximum rate set by the Guidelines.  Seabury has made efforts to minimize disbursements in these cases. The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtors and other parties in interest.

## THE REQUESTED COMPENSATION SHOULD BE ALLOWED

21.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern the Court's award of such compensation.  11 U.S.C. § 331.  Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code

"reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including --
>
> > (A)      the time spent on such services;
> >
> > (B)      the rates charged for such services;
> >
> > (C)      whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> >
> > (D)      whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
> >
> > (E)      whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

        22.     In the instant case, Seabury respectfully submits that the services for which it seeks compensation in this Application were necessary for, and beneficial to, the Debtors' efforts to reorganize their estates.  Seabury performed the services in a timely manner commensurate with the complexity, importance and nature of the issue involved.  Accordingly, Seabury further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates and all parties in interest.  Accordingly, approval of the compensation sought herein is warranted.

## CONCLUSION

WHEREFORE, Seabury respectfully requests (i) final allowance of compensation for professional services rendered during the Compensation Period in the amount of $11,185,390 and reimbursement for actual and necessary expenses Seabury incurred during the Compensation Period in the amount of $238,299 inclusive of interim compensation and reimbursement of expenses previously approved; (ii) authorization for the Debtors to pay to Seabury that portion of the compensation amount previously held back pending this Application; and (iii) the Court grant Seabury such other and further relief as is just.

Dated:    New York, New York
          October 23, 2009

                                        Respectfully submitted,


                                        */s/ Michael B. Cox*
                                        Michael B. Cox
                                        SEABURY TRANSPORTATION HOLDINGS
                                        LLC
                                        1350 Avenue of the Americas
                                        25th Floor
                                        New York, New York 10022
                                        Telephone: (212) 284-1133
                                        Facsimile: (212) 284-1144


                                        FINANCIAL ADVISORS FOR THE DEBTORS AND
                                        DEBTORS IN POSSESSION

Michael B. Cox
SEABURY TRANSPORTATION HOLDINGS LLC
Financial Advisors for Debtors and Debtors In Possession
1350 Avenue of the Americas
25th Floor
New York, New York  10019
Telephone:  (212) 284-1133
Facsimile:  (212) 284-1144

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------------x

| | | |
|---|---|---|
| **In re:** | :: | **Chapter 11** |
| **FRONTIER AIRLINES HOLDINGS, INC., et al.,** | : | **Case No. 08-11298 (RDD)** |
| **Debtors.** | x | **Jointly Administered** |

---

**CERTIFICATION UNDER GUIDELINES FOR FEES AND**
**DISBURSEMENTS FOR PROFESSIONALS IN RESPECT OF THE FIFTH INTERIM**
**AND FINAL APPLICATION OF SEABURY TRANSPORTATION HOLDINGS LLC**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

I, Michael B. Cox, hereby certify that:

1.      I am Managing Director of the applicant firm, Seabury Transportation

Holdings LLC ("Seabury"), with responsibility for the chapter 11 cases of Frontier Airlines

Holdings, Inc. and certain of its subsidiaries, as debtors and debtors in possession (collectively,

the "Debtors"), in respect of compliance with the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases adopted by

the Court on April 19, 1995 (the "Local Guidelines"), the United States Trustee Guidelines for

Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under

11 U.S.C. § 330, adopted on January 30, 1996 (the "UST Guidelines"), and the Order Pursuant to

Sections 105(a) and 331 of the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Committee Members (the "Administrative Order," collectively with the Local Guidelines and UST Guidelines, the "Guidelines").

2.       This certification is made in respect of Seabury's application, dated October 22, 2009 (the "Application"), for compensation and reimbursement of expenses for the for the fifth interim period commencing August 1, 2009 through and including October 1, 2009 (the "Interim Period") and the period commencing April 11, 2008 through and including October 1, 2009 (the "Final Period") (collectively, the "Compensation Period") in accordance with the Guidelines.

3.       In respect of section B.1 of the Local Guidelines, I certify that:

•       I have read the Application;

•       to the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines and the UST Guidelines;

•       the fees and disbursements sought are billed at rates in accordance with practices customarily employed by Seabury and generally accepted by Seabury's clients except to the extent that fees or disbursements are prohibited by the Local Guidelines or the UST Guidelines; and

•       in providing a reimbursable service, Seabury does not make a profit on that service, whether the service is performed by Seabury in-house or through a third party.

4.       In respect of section B.2 of the Local Guidelines, and as required by the Administrative Order, I certify that Seabury has complied with these provisions requiring it to provide the Debtors, counsel for the statutory committee of unsecured creditors appointed in these cases (the "Committee") and the United States Trustee for the Southern District of New

York (the "United States Trustee") with, on a monthly basis, a statement of Seabury's fees and disbursements accrued during the previous month.

        5.      In respect of section B.3 of the Local Guidelines, I certify that the Debtors, counsel for the Committee and the United States Trustee are each being provided with a copy of the Application.

Dated:      New York, New York
              October 23, 2009

                                          /s/ *Michael B. Cox*
                                          Michael B. Cox

**EXHIBIT B**
PROFESSIONALS PROVIDING SERVICE BY SEABURY TRANSPORTATION
HOLDINGS LLC DURING THE INTERIM PERIOD FROM AUGUST 1, 2009 THROUGH
OCTOBER 1, 2009 AND THE FINAL PERIOD FROM APRIL 11, 2008 THROUGH
OCTOBER 1, 2009

*FIXED FEE SERVICES:*

| Name | Title | Interim Period | Final Period |
|------|-------|------|------|
| John Luth | CEO | 91.2 | 869.8 |
| Michael Cox | Managing Director | 77.0 | 1,653.4 |
| Chris Chaput | Managing Director | - | 0.3 |
| Kevin Degen | Managing Director | 95.8 | 722.0 |
| Henri Courpron | Managing Director | - | 17.0 |
| Bijoy Mechery | Managing Director | - | 9.8 |
| George Aschenbach | Executive Director | 35.5 | 101.3 |
| Ken Raff | Executive Director | - | 31.7 |
| Greg Ethier | Senior Vice President | 173.0 | 2,329.4 |
| Ginger Hughes | Senior Vice President | 208.8 | 1,859.8 |
| Myles Goeller | Senior Vice President | - | 30.0 |
| Michael Mason | Senior Vice President | - | 41.5 |
| Ross McKenzie | Senior Vice President | 8.0 | 38.0 |
| Joe Megna | Senior Vice President | - | 77.0 |
| John Belt | Senior Vice President | - | 68.7 |
| Jamie Szymanski | Senior Vice President | - | 7.0 |
| Stephan Krastev | Vice President | 66.0 | 287.1 |
| Karl Evans | Vice President | - | 25.3 |
| Bill Pacelli | Vice President | - | 8.0 |
| Alan Sbarra | Vice President | - | 122.2 |
| Jose Arrellaga | Vice President | 90.0 | 2,201.4 |
| Steve Strange | Senior Associate | - | 105.0 |
| Marcel Beer | Associate | - | 50.0 |
| Kristen Oldenburger | Associate | - | 134.6 |
| Aly Lalani | Associate | - | 20.8 |
| Kevin Whalen | Associate | 21.0 | 544.7 |
| Pat Lilly | Associate | - | 6.0 |
| Shannon Attari | Associate | 60.8 | 528.4 |
| Chance Moreland | Associate | 13.8 | 53.6 |
| Woong Oh | Associate | - | 3.0 |
| Chris Hegland | Senior Analyst | - | 10.0 |
| Neal Wesson | Senior Analyst | - | 30.6 |
| Meaghan Stoll | Senior Analyst | 34.5 | 144.7 |
| Asfi Shaheen | Analyst | - | 1,541.1 |
| Cody Ronchetto | Analyst | - | 114.5 |
| | | 975.2 | 13,787.5 |

Hours Engaged

PROFESSIONALS PROVIDING SERVICE BY SEABURY TRANSPORTATION
HOLDINGS LLC DURING THE INTERIM PERIOD FROM AUGUST 1, 2009 THROUGH
OCTOBER 1, 2009 AND THE FINAL PERIOD FROM APRIL 11, 2008 THROUGH
OCTOBER 1, 2009

*HOURLY SERVICES:*

| Name | Title | Average Billed Rate | Interim Period Hours Engaged | Interim Period Aggregate Fees Sought | Final Period Hours Engaged | Final Period Aggregate Fees Sought | Rate for Similar Non-Bankruptcy Matters |
|------|-------|---------------------|------------------------------|--------------------------------------|----------------------------|------------------------------------|------------------------------------------|
| David Bental | Managing Director | $611.86 | - | $ - | 68.8 | $ 42,096 | $719.84 |
| Steve Still | Managing Director | $684.25 | | | 17.0 | 11,632 | $805.00 |
| Bijoy Mechery | Managing Director | $595.00 | - | - | 11.4 | 6,783 | $700.00 |
| George Aschenbach | Executive Director | $650.25 | 162.5 | 105,666 | 303.5 | 197,351 | $765.00 |
| Kathy Bonneville | Executive Director | $650.25 | - | - | 11.0 | 7,153 | $765.00 |
| Ken Raff | Executive Director | $604.65 | - | - | 189.5 | 114,581 | $711.35 |
| Ginger Hughes | Senior Vice President | $592.38 | 136.9 | 84,946 | 778.9 | 461,403 | $696.91 |
| Myles Goeller | Senior Vice President | $620.50 | - | - | 54.5 | 33,838 | $730.00 |
| John Belt | Senior Vice President | $620.50 | - | - | 180.2 | 111,814 | $730.00 |
| Joe Megna | Senior Vice President | $620.50 | - | - | 375.8 | 233,184 | $730.00 |
| Jamie Szymanski | Senior Vice President | $620.50 | - | - | 11.9 | 7,384 | $730.00 |
| Karl Evans | Vice President | $492.41 | - | - | 738.3 | 363,523 | $579.31 |
| Alan Sbarra | Vice President | $200.80 | - | - | 373.5 | 75,000 | $625.00 |
| Bill Pacelli | Vice President | $459.00 | - | - | 40.8 | 18,704 | $540.00 |
| Kristen Vaughan | Vice President | $531.25 | 6.0 | 3,188 | 6.0 | 3,188 | $625.00 |
| Steve Strange | Senior Associate | $437.75 | - | - | 611.4 | 267,639 | $515.00 |
| Jamie Garzia | Senior Associate | $437.75 | - | - | 34.0 | 14,884 | $515.00 |
| Marcel Beer | Associate | $412.25 | - | - | 249.0 | 102,650 | $485.00 |
| Steve Kuhns | Associate | $412.25 | - | - | 6.0 | 2,474 | $485.00 |
| Pat Lilly | Associate | $357.00 | - | - | 41.6 | 14,851 | $420.00 |
| Kristen Oldenburger | Associate | $412.25 | - | - | 484.8 | 199,838 | $485.00 |
| Cody Ronchetto | Analyst | $204.00 | - | - | 100.1 | 20,420 | $240.00 |
| | | | 305.4 | $ 193,800 | 4,687.9 | $ 2,310,390 | |

**EXHIBIT C**
ACTUAL AND NECESSARY DISBURSEMENTS INCURRED BY
SEABURY TRANSPORTATION HOLDINGS LLC
DURING THE INTERIM PERIOD FROM AUGUST 1, 2009 THROUGH OCTOBER 1, 2009
AND THE FINAL PERIOD FROM APRIL 11, 2008 THROUGH OCTOBER 1, 2009

| | Interim Period | Final Period |
|---|---|---|
| Courier and Freight | $ 47 | $ 1,228 |
| Lodging | 6,913 | 79,905 |
| Meals | 1,116 | 24,398 |
| Printing | 182 | 7,406 |
| Telecommunications | 3,272 | 13,710 |
| Transportation | 12,164 | 94,653 |
| Computerized Research | - | 17,000 |
| TOTAL OUT-OF-POCKET EXPENSES | $ 23,694 | $ 238,299 |

**EXHIBIT D**
SUMMARY OF SERVICES BY ACTIVITY FOR SERVICES
RENDERED DURING THE INTERIM PERIOD FROM AUGUST 1, 2009 THROUGH
OCTOBER 1, 2009 AND THE FINAL PERIOD FROM APRIL 11, 2008 THROUGH
OCTOBER 1, 2009

| | Activity Code | Interim Period | | Final Period | |
|---|---|---|---|---|---|
| | | Hours Engaged | Aggregate Fees Sought | Hours Engaged | Aggregate Fees Sought |
| *HOURLY SERVICES:* | | | | | |
| Cash Management & Vendor Control | 10 | 6.5 | $ 4,033 | 377.4 | $ 188,760 |
| Vendor Contract Optimization | 11 | 135.9 | 83,790 | 772.3 | 454,461 |
| Fleet & Network Optimization | 12 | - | - | 940.4 | 465,690 |
| Business Optimization - Maintenance | 14 | - | - | 1,509.3 | 674,715 |
| Business Optimization - Customer Service | 15 | - | - | 327.1 | 202,966 |
| Business Optimization - Marketing and Distribution | 16 | 163.0 | 105,976 | 370.9 | 239,173 |
| Incentive Compensation Consulting | 17 | - | - | 17.0 | 9,626 |
| Interim Financial Planning & Analysis | 18 | - | - | 373.5 | 75,000 |
| | | 305.4 | $ 193,800 | 4,687.9 | $ 2,310,390 |
| *FIXED FEE SERVICES:* | | | | | |
| General Advisory | 1 | 117.4 | | 3,846.1 | |
| Restructuring Advisory | 2 | 133.3 | | 3,254.0 | |
| Debt/Lease Restructuring | 3 | 97.2 | | 286.9 | |
| M&A | 4 | - | | 87.1 | |
| Asset Sale | 5 | 14.5 | | 843.2 | |
| Capital Raising | 6 | 488.9 | | 2,097.2 | |
| Debtor-In-Possession Financing | 8 | - | | 811.1 | |
| Administrative | 9 | 24.0 | | 361.7 | |
| Non-Working Travel | 13 | 100.0 | | 2,199.7 | |
| | | 975.2 | $ 4,732,050 | 13,787.0 | $ 8,875,000 |
| *TOTAL ALL SERVICES:* | | 1,280.6 | $ 4,925,850 | 18,474.8 | $ 11,185,390 |

# EXHIBIT E
## DETAIL OF SUCCESS FEES

| | | | | Fee |
|---|---|---|---|---|
| **RESTRUCTURING SUCCESS FEES (Section 2.B.)** | | | | |
| Gross Restructuring Success Fee | | | $ | 3,000,000 |
| LESS: 50% Credit of first 12 months of Restructuring Retainer | | | | (675,000) |
| **Net Restructuring Success Fee** | | | **$** | **2,325,000** |
| | | | | |
| **DEBT & LEASE RESTRUCTURING FEES (Section 2.C.)** | | | | |
| PV Benefit, as defined of various aircraft restructurings | $ | 57,857,543 | | |
| Debt & Lease Restructuring Fee rate | | 0.375% | | |
| **Debt & Lease Restructuring Fees** | | | **$** | **216,966** |
| | | | | |
| **SALE SUCCESS FEES (Section 2.E.)** | | | | |
| Gross proceeds from sale of 2 A318s | $ | 40,559,675 | | |
| Sale Success Fee rate | | 0.65% | | |
| **Sale Success Fees** | | | **$** | **263,638** |
| | | | | |
| **M&A SUCCESS FEE (Section 2.F.)** | | | | |
| **Maximum M&A Success Fee** (Transaction Value, as defined, in excess of $1,250,000,000) | | | **$** | **5,000,000** |

**EQUITY SUCCESS FEE (Section 2.G.)**

| | | Financing | | Fee |
|---|---|---|---|---|
| 4.0% of the first $50,000,000 | $ | 50,000,000 | $ | 2,000,000 |
| 2.5% of next $50,000,000 | | 50,000,000 | | 1,250,000 |
| 1.0% of any equity capital above $100,000.000 | | 8,750,000 | | 87,500 |
| **Equity Success Fee** | **$** | **108,750,000** | **$** | **3,337,500** |
| Success Fees in 1st through 4th Interim Applications | | | | 1,567,950 |
| **Gross Success Fees for the Case** | | | **$** | **12,711,054** |
| **Maximum Aggregate Success Fee** | | | **$** | **6,000,000** |
| **LESS: Success Fees paid to date** | | | **$** | **1,567,950** |
| **Success Fees included in 5th and Final Fee Application** | | | **$** | **4,432,050** |